IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marcus Brooks, # 04755-036,<br><br>       Petitioner,<br><br> vs.<br><br>Warden Thomas,<br><br>       Respondent. | Civil Action No. 6:15-2963-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner is a federal prisoner. Therefore, in the event that a limitations issue arises, the petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. The petitioner paid the five-dollar filing fee (Receipt No. SCX300061584).

    The above-captioned case is one of many Section 2241 petitions filed subsequent to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). This court, out of an abundance of caution, authorized service of the petition on July 29, 2015 (doc. 6). On September 17, 2015, counsel for the respondent file a motion to dismiss on the grounds that the petitioner could not proceed under 28 U.S.C. § 2241 because he has never filed a Section 2255 motion to vacate in the District of Maine, the district where the petitioner's conviction was entered (doc. 10). The undersigned on September 18, 2015, issued a *Roseboro* order to apprise the petitioner of summary

judgment procedure and of the adverse consequences if he failed to respond adequately to the motion (doc. 12). The petitioner on September 28, 2015, filed a response in support of the respondent's motion to dismiss. In his response, the petitioner writes:

> Petitioner acknowledges his error in the utilization of the 28 U.S.C. § 2241 for his challenge to his prior convictions that support his ACCA based sentence. The error was unintentional and the Petitioner asks this Court to dismiss the Petition without prejudice.
>
> The Petitioner will proceed with the filing of a correct 28 U.S.C. § 2255 back to the original sentencing Court for consideration of his claims, under the recent Supreme Court decision in *Johnson v. United States*.

(Doc. 14 at 1–2).

In light of the petitioner's acknowledgment of his failure to file a Section 2255 motion to vacate in the District of Maine, it is recommended that the respondent's motion to dismiss (doc. 10) be granted and that this case be dismissed *without prejudice*. It is also recommended that the district court deny a certificate of appealability. The attention of the parties is directed to the notice on the next page.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

September 29, 2015<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).